(109 N. W. 361.

---

MARTIN MARTINSON v. GEORGE MARZOLF, MILLIE MARZOLF AND

J. F. HENRY.

Opinion filed May 16, 1906.  Rehearing denied July 9, 1906.

**Public Lands — Defeated Occupying Claimant May Assert Title as Against One Not Party to Contest — Cancellation.**

1.  A decision by the commissioner of the general land office, in a former contest between the occupying claimant of public land and a contestant, canceling the claimant's homestead entry for alleged abandonment, which decision became final by reason of the entryman's failure to appeal, is not a conclusive adjudication that the defeated occupying claimant had no right to the land as against a subsequent homestead applicant, who was not a party to the first contest or in privity with the successful contestant.

**Same — Cancellation of Entry — Defeated Contestant's Priority Over Entry of Stranger to Contest — Failure of Successful Contestant to Exercise Preference Right of Entry.**

2.  It appearing that the decision canceling the occupying claimant's entry for alleged abandonment was erroneous, and that the en-

tryman had in fact in all things complied with the requirements of the law, and had not in fact abandoned his claim, and the successful contestant not having exercised his preference right, a stranger to that contest proceeding whose application to enter the land as a homestead had been accepted while the occupying claimant's entry appeared canceled of record, acquired no equitable right to the land by such entry.

Appeal from District Court, McLean county; *Winchester, J.*

Action by Martin Martinson against George Marzolf and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Hanchett & Wartner,* for appellant.

Courts will review a decision of the land department in an action to establish a trust in land, where patent has issued from the United States, where there has been a cancellation of an entry without the entryman having an opportunity for a hearing, where such cancellation has been had through an erroneous or mistaken decision as to a matter of law. Parsons v. Venzke, 4 N. D. 452, 61 N. W. Rep. 1036; Johnson v. Lee, 47 Mich. 52, 10 N. W. Rep. 76; Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800; McCord v. Hill, 84 N. W. 27.

Also for fraud and imposition upon the department, by perjured testimony, where the other party has had no opportunity to meet it. Garland v. Wynne, 61 U. S. 6, 15 L. Ed. 601; Sanford v. Sanford, 13 Pac. 602; Wilson v. State, 1 S. W. 71.

Where the land department renders a decision upon a point not raised by the complaint before the register and receiver, a claimant ousted by such decision can file a bill in equity to compel a subsequent patentee to convey to him. Johnson v. Lee, 10 N. W. 76.

*Gooler & Goer,* for respondents.

A settlement, either by force or surreptitiously, cannot be made upon public land already occupied. Goodwin v. McCabe, 17 Pac. 705; Mower v. Fletcher, 116 U. S. 381, 6 Sup. Ct. Rep. 409; McBrown v. Morris, 59 Cal. 68; Belk v. Meagher, 104 U. S. 287; Bullock v. Rouse, 22 Pac. 919, 920; Atherton v. Fowler, 96 U. S. 513; Hosmer v. Wallace, 97 U. S. 575; Trenouth v. San Fran-

cisco, 100 U. S. 251; Davis v. Scott, 56 Cal. 165; Smer v. Duggan, Id. 257; McBrown v. Morris, 59 Cal. 64; Goodwin v. McCabe, 17 Pac. 705.

Fences and natural barriers constitute a sufficient enclosure to give actual possession. Brumagim v. Bradshaw, 39 Cal. 25; Southmayd v. Henly, 45 Cal. 101; Conroy v. Duane, Id. 603.

Where a claim is made that a department decision is based upon false and prejudiced testimony, it must be set out in the complaint with fullness and particularity. Thornton v. Peery, 54 Pac. 649; Ball v. Dilla, 114 U. S. 74, 5 Sup. Ct. 782.

A court will not set aside a judgment because it was founded upon perjured evidence, or other matter actually presented and considered in the proceeding in which the judgment assailed was rendered. U. S. v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93.

ENGERUD, J. The court below sustained a demurrer to the complaint on the ground that no cause of action was stated therein. The plaintiff declined to amend, and judgment was entered dismissing the action. This appeal is from that judgment.

The defendant Marzolf is in possession of the quarter section of land in suit, and has the legal title thereto by virtue of a patent issued to him by the United States. The plaintiff asserts that he was rightfully entitled to receive the title from the government, but that Marzolf wrongfully secured the patent through the erroneous rulings of the federal land office officials as to the relative rights of the parties. The relief prayed for is that plaintiff be adjudged to be the equitable owner of the land, and that the legal title acquired by Marzolf be conveyed to plaintiff. We think the complaint shows affirmatively that the plaintiff has no right to the land. The complaint is too long for repetition. We shall state only those facts alleged therein which, in our opinion, show that the plaintiff has no cause of action. On January 12, 1898, Marzolf filed a homestead entry for said land at the Devils Lake land office. In August, 1899, one Malinda Lind instituted a contest against Marzolf's entry, charging abandonment by the entryman. Marzolf appeared personally and by attorney in that contest, and evidence in his behalf was submitted. When the contest reached the Commissioner of the General Land Office, that official ordered that Marzolf's entry should be canceled, holding that the evidence showed abandonment. Marzolf's attorney was notified of the commissioner's decision. Marzolf did not ap-

peal from that decision, and the entry was canceled on October 29, 1901. On November 25, 1901, this plaintiff's application to enter the land as a homestead was accepted at the local land office. Marzolf was living on the land and cultivating it when Martinson filed his application therefor, and "had been residing thereon and cultivating the same continuously for a period of six months or more prior thereto." Marzolf continued his said residence and cultivation after defendant's entry, and on June 6, 1902, instituted a contest against Martinson, praying for the cancellation of the latter's entry, on the ground that he (Marzolf) had a prior right thereto by reason of his continuous residence upon the land for four years last past and his cultivation and improvement thereof during that time. Nothing was said in the contest affidavits as to the entry which had been previously canceled; and reinstatement of such entry was not prayed for. After the evidence had been taken in the local land office in that contest, the register and receiver held that the contest should be dismissed. Marzolf appealed to the Commissioner of the General Land Office. Then for the first time an application was made to the commissioner to reinstate Marzolf's former entry, notwithstanding the decision canceling it in the Malinda Lind contest. The grounds urged for such reinstatement were that Marzolf had never been informed by his attorney in that contest of the commissioner's decision therein; that the proceedings were irregular, and that Marzolf's testimony which had been given through an interpreter, had been incorrectly transcribed. Coupled with this motion for reinstatement was a request that the motion be considered in connection with the pending contest against Martinson's entry. On October 1, 1903, the Commissioner granted Marzolf's motion for reinstatement of his previous entry, and directed Martinson's entry to be canceled.

The complaint sets out in detail the reasons assigned by the Commissioner for this ruling, and asserts that it was contrary to law. Martinson appealed from this decision to the Secretary of the Interior, who affirmed the Commissioner's decision, and denied Martinson's prayer for a rehearing. Thereafter Marzolf made final proof in support of his homestead claim and a patent was issued to him. The sufficiency and truthfulness of the testimony submitted in the final proof is not questioned. It must be assumed, therefore, that Marzolf had in fact complied in all things with the homestead laws. The paintiff alleges, however, that

he was wrongfully deprived of some right because the land department reconsidered and reversed the Commissioner's decision in the Malinda Lind contest, without giving this plaintiff any opportunity to be heard or submit testimony in opposition to the motion to reinstate. He asserts that it was error to hold that notice to Marzolf's attorney in the Lind contest was not conclusive evidence of notice to Marzolf. He further contends that Marzolf's sworn statement in the application for reinstatement, that his attorney in the Lind contest never informed him of the Commissioner's decision canceling his entry was false. The plaintiff alleges that the Commissioner of the General Land Office and the Secretary of the Interior accepted Marzolf's ex parte denial of notice and denied Martinson any opportunity to show that Marzolf did in fact receive actual notice of the decision in the Lind contest. The fallacy of plaintiff's argument is the assumption that the decision in the Lind contest was, as between Marzolf and Martinson, a conclusive and irrevocable adjudication that Marzolf's entry had been abandoned and canceled for that reason. That decision was rendered in a case between Lind and Marzolf. Lind had asserted no rights by reason of the decision and Martinson was not in privity with Lind. The effect of that decision was to expunge Marzolf's entry from the land office records, so that as far as those records showed the land was unappropriated public lands. It may be that the government could avail itself of this decision as a conclusive estoppel against Marzolf. But as between the latter and Martinson, that decision was res inter alios acta and at most was merely prima facie evidence that Marzolf had lost his rights by abandonment.

The allegations of the complaint disclose and admit that Marzolf had not in fact abandoned his entry, but had resided upon, cultivated and improved the land in a very substantial manner, and that he had done so with intent to obtain title under the homestead laws pursuant to the entry filed in 1898. It is true that the complaint contains allegations to the effect that Marzolf was not occupying the land as a homestead claimant, and had abandoned his intention to claim it as a homestead and was a mere trespasser. These allegations, however, are mere argumentative assertions on the part of the pleader; as it is evident from a reading of the whole complaint that they merely state the conclusion which the plaintiff contends follows as a matter of law from the

fact, as he contends, that Marzolf's entry had been irrevocably canceled by the Commissioner's decision in the Lind case. The sum and substance of these argumentative assertions found in the complaint is that the decision in the Lind contest estopped Marzolf from showing that he had not abandoned his entry. The question in the Martinson contest was whether or not Marzolf had abandoned or lost his rights as a, homestead claimant. If Marzolf had not forfeited his rights the land was not "unappropriated" public land; and if the land was not unappropriated, Martinson's entry was invalid. The plaintiff admits that the officers of the federal land department found that the evidence submitted in that contest showed that Marzolf had in all things complied with .the homestead laws, and showed that the decision in the Lind contest was erroneous. He does not deny that this finding was in accordance with the real facts. His only point is that the land department had no right to question the propriety of the decision in the Lind contest, and he asserts that that decision is a bar to the disclosure of the truth. That proposition is, in our opinion, untenable. Martinson was not a party to the case in which that decision was rendered or in privity with any party therein. To what extent that decision should be given effect as between the United States and Marzolf was a question between the latter and the government. Martinson had no property right in that decision. The government officers, having become convinced that the decision was contrary to the facts, unquestionably had the right, as against a stranger to the decision, to set it aside and reinstate the entry which the decision had erroneously canceled. Martinson, being a stranger to that decision, had no right to be heard to question the propriety of vacating it. When Martinson made his entry, he knew that Marzolf was in possession, and he was chargeable with knowledge of the occupant's rights. The plaintiff is not, therefore, in the position of a bona fide purchaser. Neither can he claim the legal right of a successful contestant. He acquired no rights by his formal homestead entry unless the land was unappropriated. Although the erroneous decision in the Lind contest had caused the land office records to show that the land was open to entry, the real fact was, as Martinson knew, that Marzolf was in possession, asserting his rights as a homestead claimant. The plaintiff was also chargeable with knowledge that the officials of the land department had the power to

correct or disregard the erroneous decision canceling Marzolf's entry, if it were shown to be erroneous. We are therefore very clearly of opinion that the complaint shows that plaintiff is entitled to no equitable relief, and the demurrer was properly sustained.

Judgment affirmed. All concur.